## IRA C. OEHLER AND OTHERS v. CITY OF ST. PAUL AND OTHERS.[1]

March 2, 1928.

No. 26,651.

**Only method of reviewing order overruling demurrer when court certifies question is important.**

1. Under G. S. 1923, § 9498(4), there may be an appeal from an order overruling a demurrer when the court in its order certifies that the question presented is in his opinion important and doubtful. In this case the court overruled the demurrer and certified the question whether there was error in so overruling. There was no appeal. *Held* that appeal is the only method of review and this court is without jurisdiction.

**No place for bill of exceptions on appeal from order overruling demurrer.**

2. Upon an appeal from an order overruling a demurrer there is no place for a bill of exceptions.

Appeal and Error, 3 C. J. p. 327 n. 16; p. 995 n. 85; 4 C. J. p. 179 n. 24.

Action in the district court for Ramsey county to annul the appointment of defendant May to a position in the service of the defendant city. The defendants demurred to the complaint. The court, Hanft, J. overruled the demurrer and certified to this court for decision the question stated in the opinion. A bill of exceptions was allowed. There was no appeal from the order overruling the demurrer. Proceedings dismissed.

*John P. Kyle* and *Richard E. Kyle,* for plaintiffs.

*Kenny & Gardner, Arthur A. Stewart* and *Eugene M. O'Neill,* for defendants.

PER CURIAM.

This is an action to annul the appointment of defendant Clyde R. May to the position of general superintendent and engineer of the water department of St. Paul, and for further relief. The defend-

[1]Reported in 218 N. W. 234.

ants demurred to the complaint upon the ground that it did not state a cause of action and upon other grounds. The demurrer was overruled and the court certified to this court for decision as important and doubtful the following question: "Did the court err in overruling said demurrer?"

1. The statute (§ 9498(4) ) provides that "when upon the entry of an order overruling a demurrer, the trial court shall certify that the question presented by the demurrer is in his opinion important and doubtful, and such certification is made part of the order overruling the demurrer, an appeal from such order may be taken."

In this case no appeal was taken. The court is without jurisdiction. The statute contemplates that the court may incorporate a certificate of importance and doubt. If it does, the losing party may appeal. The option is with him. If the court does not certify he cannot appeal. The court does not, as in criminal cases, certify the proceedings and specific questions to this court. G. S. 1923, § 10756. Without an appeal we are without jurisdiction, for the review is only by appeal.

2. The defendants presented and there was allowed a so-called bill of exceptions containing various papers, including the complaint, demurrer and order overruling, along with a number of affidavits, the purport of which we do not stop to examine. The complaint and the demurrer and the order upon the demurrer tell this court what was done. There is no place for a bill of exceptions. The proceedings in this court are dismissed and the case remanded.